IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff-Appellee | : | |
| | : | |
| v. | : | Appeal No. 14-4530 |
| | : | |
| | : | |
| OSAMA MAHMUD MUSTAFA | : | |
| Defendant-Appellant | : | |

**GOVERNMENT'S MOTION TO DISMISS APPEAL**

COMES NOW the United States of America, by Assistant U. S. Attorney Joseph W. H. Mott, and files this Motion to Dismiss defendant-appellant's appeal with prejudice. The Motion should be granted, and the appeal dismissed, for the reasons set forth below.

**PROCEDURAL AND FACTUAL BACKGROUND**

On April 19, 2013, a jury found the appellant Osama Mahmud Mustafa guilty of conspiracy to defraud the United States, conspiracy to commit money laundering, and conspiracy to commit bank fraud, in violation of 18 U.S.C.§ 371, 18 U.S.C.§ 1956(h), and 18 U.S.C. § 1349, respectively. *United States v. Mustafa,* No. 7:12-cr-00032-SGW-2, 2013 WL 5873284, (W.D. Va. Oct. 30, 2013), Verdict, April 19, 2013, ECF. No. 228, attached as Exhibit A. After presentation of additional evidence, the jury returned a verdict of forfeiture as to various assets identified in the Notice of Forfeiture of the Indictment.

1

In August 2013, after conviction but before sentencing, the appellant cut off his monitoring bracelet and fled from his home in Florida. Order Granting Sentencing *In Absentia*, June 2, 2014, ECF No. 327, attached as Exhibit B. He remains a fugitive from justice, and was sentenced *in absentia* on June 24, 2014. Minute Entry – Sentencing Hearing, June 24, 2014, ECF No. 330, attached as Exhibit C. There is no immediate prospect for the appellant's apprehension despite the best efforts of the United States Marshal's Service and other law enforcement agencies. On July 8, 2014, the appellant filed his notice of appeal with this court.

## ARGUMENT AND AUTHORITY

**I.   Under the fugitive disentitlement doctrine, an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal.**

For over a century, it has been settled law that an appellate court may dismiss the appeal of a fugitive defendant. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993); *See also Allen v. State of Georgia*, 166 U.S. 138 (1897); *Bonahan v. Nebraska*, 125 U.S. 692 (1887). Many federal courts, including this Court, have expressly adopted the fugitive disentitlement doctrine. *United States v. Corporan-Cuevas*, 35 F.3d 953, 957 (4th Cir. 1994). *See, e.g.*, *Sarlund v. Anderson*, 205 F.3d 973, 976 (7th Cir. 2000); *United States v. Morgan*, 254 F.3d 424, 426 (2d Cir. 2001); *In re Prevot*, 59 F.3d 556, 562 (6th Cir. 1995) (noting that the doctrine is "long-established in the federal and state courts, trial and appellate"). The Supreme Court first applied the fugitive disentitlement

doctrine in *Smith v. United States*, 94 U.S. 97 (1876). In *Smith*, the Court asserted that where an escaped defendant remained at large, it was within the Court's discretion to decline to hear a criminal case in error because there could be no assurance that any judgment it rendered would prove enforceable. *Id*. at 97.

Subsequent decisions of the Supreme Court have made clear that enforceability is not the only rationale for the fugitive dismissal rule. The doctrine is equitable in nature, and therefore rests in large part on the theory that the defendant's flight is "tantamount to waiver or abandonment." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 240 (1993); *See also Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970) ("While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims."). Disentitlement prevents the defendant from using to his advantage the same judicial processes he avoided by fleeing the court's jurisdiction. Additionally, dismissal of the defendant's appeal may serve to deter other defendants from absconding, and advances the courts' interest in "efficient, dignified appellate practice." *Ortega-Rodriguez,* 507 U.S. at 242 (quoting *Estelle v. Dorrough*, 420 U.S. 534, 537 (1975)). The Fourth Circuit has previously recognized that these considerations reflect "substantial public policy interests." *See Jaffe v. Accredited Surety and Casualty Co., Inc.*, 294 F.3d 584, 596 (4th Cir. 2002) (noting that the fugitive disentitlement doctrine is justified by "the inequity of allowing a fugitive to call upon the resources of the Court for determination of his claims, and . . . 'the need to discourage [] the felony of escape and

3

encourage [] voluntary surrenders." (quoting *Degen v. United States*, 517 U.S. 820, 824 (1996)) (internal quotation marks omitted).

Moreover, an appellate court may invoke the disentitlement doctrine even where, as here, the defendant's flight occurred while his case was before the district court. *Ortega-Rodriguez*, 507 U.S. at 249. The Supreme Court has "consistently and unequivocally" held that such a dismissal is an "appropriate sanction" so long as the defendant remains a fugitive during "the ongoing appellate process." *Id*. The Supreme Court itself has established a general rule allowing for dismissal of all petitions that come before it while the petitioner remains a fugitive. *Id*. at 250 n.23. Thus, when the defendant's flight disrupts the normal appellate process, such as by preventing the appeals court from consolidating the defendant's appeal with those of his codefendants, dismissal is a proper sanction. *Id*.

## II. *Molinaro v. New Jersey* authorizes immediate dismissal with prejudice of the defendant's appeal.

In *Molinaro v. New Jersey*, the Supreme Court dismissed the defendant's appeal immediately, without granting a "grace period" during which the defendant could surrender and seek reinstatement of his appeal. *See Molinaro,* 396 U.S. at 366 (1970) ("The dismissal need not await the end of the Term or the expiration of a fixed period of time, but should take place at this time."). Circuit Courts have uniformly interpreted *Molinaro* to authorize dismissal with prejudice of the defendant's appeal where the defendant remains a fugitive. *See, e.g.*, *United States v. $129,374 in United States*

4

*Currency*, 769 F.2d 583, 588 (9th Cir. 1985) ("[I]n *Molinaro*, the Court did not hold the appeal in abeyance; it dismissed the appeal entirely."); *United States v. Hanzlicek*, 187 F.3d 1219, 1220 (10th Cir. 1999) (dismissing defendant's appeal with prejudice under fugitive disentitlement doctrine).

In *United States v. Awadalla*, 357 F.3d 243 (2d Cir. 2004), the defendant entered a guilty plea to one count of credit card fraud and was sentenced to a prison term of 14 months. When the defendant fled shortly after filing his notice of appeal, the Second Circuit dismissed the appeal with prejudice, asserting that

> "*Molinaro*—the most recent decision of the Supreme Court that is directly on point—suggests that a defendant who jumps bail is no longer entitled to draw on the resources of an appellate court, and, therefore, should not be accorded additional time to return to custody before his appeal is dismissed."

*Id.* at 249. Where there is no immediate prospect for the defendant's apprehension, the goals of punishment, deterrence, and maintenance of efficient appellate practice all militate in favor of dismissal with prejudice. Any other course of action "dilute[s] the sanction imposed for flouting the judicial process and reduce[s] the deterrent effect of that sanction." *Id.* at 250.

## CONCLUSION

The defendant in this case is a fugitive from justice and there is no immediate prospect for his apprehension. Under these circumstances, the defendant is not entitled to call upon the resources of the court, and his appeal should be dismissed with prejudice for the reasons stated above. The undersigned has conferred with counsel for the

5

appellant, and counsel objects to the granting of the relief sought in the motion and, if warranted, will file a response within the time period required by Local Rule 27.

                                                                Respectfully submitted,

                                                                 TIMOTHY J. HEAPHY
                                                                 United States Attorney

Dated: August 1, 2014                      */s/ Joseph W. H. Mott*
                                                                Joseph W. H. Mott
                                                                Assistant United States Attorney
                                                                VSB No. 21852
                                                                United States Attorney's Office
                                                                310 First Street, S.W.
                                                                Roanoke, VA 24011
                                                               (540) 857-2250
                                                               joseph.mott@usdoj.gov


                                                               /s/ *Christopher R. Wilson*
                                                             Third-year Practice Certified Intern

6

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 1st day of August, 2014, electronically filed the Motion to Dismiss Appeal with the Clerk of the Court using the CM/ECF system, which will send notice, and constitute service, of such filing to the following registered CM/ECF user: Michelle C. F. Derrico, Esq., Counsel for the Appellant.

>*/s/ Joseph W. H. Mott*
>Joseph W. H. Mott
>Assistant United States Attorney
>VSB No. 21852